UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| In re: ) | |
| ) | |
|     ANA M. MCDONALD ) | Case No. 07-13908-SSM |
| ) | Chapter 7 |
|                  Debtor ) | |
| ) | |
| FIRST AMERICAN TITLE INS. CO. ) | |
| ) | |
|                  Plaintiff ) | |
| ) | |
| vs. ) | Adversary Proceeding No. 08-1120 |
| ) | |
| ANA M. MCDONALD ) | |
| ) | |
|                  Defendant ) | |

**MEMORANDUM OPINION AND ORDER**

Before the court is the motion of the plaintiff, First American Title Insurance Company ("First American") for leave to amend its complaint in this action for determination of dischargeability and denial of discharge. For the reasons stated, the motion will be granted in part and denied in part.

Background

The defendant, Ana M. McDonald, filed a voluntary petition in this court on December 13, 2007, for relief under chapter 7 of the Bankruptcy Code and has not yet received a discharge. The meeting of creditors was held on January 16, 2008, and the chapter 7 trustee filed a report of no distribution on January 25, 2008. The last day for filing complaints objecting to the debtor's discharge or to the dischargeability of debts governed by § 523(c), Bankruptcy Code, was March 14, 2008. The present adversary proceeding was timely commenced on March 5, 2008, by the filing of a four-count complaint seeking a determination that First American's claim against the

1

debtor in the amount of approximately $800,000 was excepted from discharge under § 523(a)(2), (3), and (4), Bankruptcy Code, on the grounds of fraud, on the ground that First American was not listed as a creditor, and on the ground of fiduciary defalcation, embezzlement, or larceny, and further seeking a denial of discharge under § 727(a)(4)(A) on the ground of false oath or account in failing to schedule First American as a creditor.

The alleged facts underlying the complaint involve a refinance of real estate for which a corporation known as First Alliance Title, Inc. ("First Alliance"), wholly owned by Ms. McDonald, acted as settlement agent. According to the complaint, First Alliance was First American's agent for the issuance of title insurance polies. The complaint further alleged that Ms. McDonald personally guaranteed First Alliance's obligations to First American; that First Alliance conducted the settlement of a refinance transaction in which two existing loans against the property were to be paid off; that the existing loans were not in fact paid off or released; that the funds intended for that purpose were misappropriated for the personal benefit of Ms. McDonald and others; and that First American paid $734,296 under the title insurance policy it had issued to the new lender. A timely answer denying the allegations was filed by Ms. McDonald's bankruptcy attorney, who, however, was subsequently granted leave to withdraw his appearance.

## Discussion

The proposed amended complaint is pleaded in seven counts, as follows:

| Count | Description |
| --- | --- |
| I | Breach of agency agreement between First American and First Alliance in the conduct of the settlement |
| II | Subrogation claim for negligence by First Alliance in conducting settlement |

| | |
|---|---|
| III | Fraud by First Alliance in entering into agency agreement with intention not to comply with requirement to make disbursements only for the purposes for which the funds were entrusted. |
| IV | Fraud by First Alliance in falsely representing to the new lender, SunTrust, on the settlement statement that prior deeds of trust would be paid off |
| V | Breach of fiduciary duty by First Alliance in not complying with closing instructions by the new lender, SunTrust |
| VI | Breach of fiduciary duty by First Alliance by not properly disbursing funds entrusted to it as escrow agent by the new lender, SunTrust |
| VII | Conversion by First Alliance of funds received from the new lender, SunTrust |

The debtor's personal liability on Counts I and II is predicated on her personal guarantee of First Alliance's obligations to First American. Her personal liability on Counts III through IV is predicated on a theory of veil piercing. First American's standing as plaintiff under Counts IV through VII is based on its status as subrogee of SunTrust Mortgage, Inc. Notably, the amended complaint no longer contains a count objecting to the debtor's discharge.

Since claims grounded solely in breach of contract and negligence are dischargeable in a no-asset case even if the creditor was not given notice of the bankruptcy filing, proposed Counts I and II fail to state a claim for relief. Under § 523(a)(3), the claim of an unlisted creditor is excepted from discharge <u>only</u> if (1) the creditor was not listed on the schedules or otherwise did not learn of the case in time to file a timely proof of claim <u>or</u> (2) the creditor was not listed on the schedules or otherwise did not learn of the case in time to file a timely complaint to determine dischargeability. Because this was a "no-asset" case, no deadline was ever set for filing proofs of claim, and the only categories of debts for which there is a deadline for filing dischargeability complaints are the debts described in §§ 523(a)(2), (4), or (6). *See*, § 523(c), Bankruptcy Code; Fed.R.Bankr.P. 4007(c). Because no deadline was ever set for filing proofs of

3

claim, claims for breach of contract or negligence—because they do not fall within §§ 523(a)(2), (a)(4), or (a)(6)—are dischargeable, regardless of whether the omission of the creditor from the schedules was deliberate or inadvertent. *Horizon Aviation of Va., Inc. v. Alexander*, 296 B.R. 380 (E.D. Va. 2003) (holding that unlisted debt not incured by fraud or willful and malicious injury was discharged in no-asset case regardless of debtor's intent in failing to list the debt).

The remaining counts assert grounds for nondischargeability under § 523(a)(2) and (4), Bankruptcy Code. Because First American, despite not being listed as a creditor, nevertheless was able to, and did, file its complaint within the time specified in the bankruptcy rules, § 523(a)(3) is inapplicable, since it exempts only those debts for which the creditor was prevented from filing a timely nondischargeability complaint. The facts underlying proposed new counts III through VII are essentially the same facts that were pleaded in the original complaints. Leave to amend a pleading is "to be freely given when justice so requires." Fed.R.Civ.P. 15(a), as incorporated by Fed.R.Bankr.P. 7015. The amended counts simply clarify the basis for the debtor's personal liability for the corporation's actions and the basis upon which First American asserts its own standing. The underlying grounds for nondischargeability, however, remain the same, and the court can perceive no prejudice to the debtor in allowing the amendment. For that reason, leave will be granted to file an amended complaint that includes Counts III through VII of the proposed amended complaint.

O R D E R

For the foregoing reason, it is

**ORDERED:**

1. The motion for leave to file, and serve on the defendant, an amended complaint is granted in part and denied in part. Leave is granted to file an amended complaint that includes

Counts III through VII, but not Counts I and II, of the proposed amended complaint filed with the motion.

    2. The defendant shall file, and serve on the plaintiff, an <u>answer</u> to the amended complaint not later than <u>20 days</u> after the date of service.

    3. The final pretrial conference shall be held on <u>January 5, 2009, at 9:30 a.m.</u>

    4. The clerk will mail a copy of this order, or give electronic notice of its entry, to the parties listed below.

Date: _____           _____
                                         Stephen S. Mitchell
Alexandria, Virginia                     United States Bankruptcy Judge

Copies to:

David H. Cox, Esquire
Jackson & Campbell, P.C.
1120 20th Street, N.W., South Tower
Washington, DC 20036-3437
Counsel for the plaintiff

Ana M. McDonald, Esquire
8318 Kingsgate Road
Unit H
Springfield, VA 22152
Defendant *pro se*